**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*,[1] | Case No. 20-12522 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST, | |
| Plaintiff, | Adv. Proc. No. 22-50426 (JTD) |
| v. | |
| FIRST OBJECT INC., | |
| Defendant. | |

**DECLARATION OF COUNSEL IN SUPPORT OF**
**(I) PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND**
**(II) PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

I, James E. O'Neill, hereby declare under penalty of perjury, pursuant to section

1746 of title 28 of the United States Code, as follows:

1.      I am an attorney admitted to practice in the United States Bankruptcy

Court for the District of Delaware and before this Court, among other jurisdictions.

2.      I submit this declaration ("Declaration") in support of the (I) *Plaintiff's*

*Request for Entry of Default* and (II) *Plaintiff's Request for Entry of Default Judgment*, pursuant

---

[1]  A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt.  The Reorganized Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy

Procedure 7055.

3.      I am one of the attorneys for the captioned Plaintiff in this adversary

proceeding and have personal knowledge of the facts set forth in this Declaration.

4.      On October 4, 2022, Plaintiff filed the *Complaint for Avoidance and

*Recovery of Preferential Transfers and Objection to Claims* (the "Complaint")[2] [Adv. Docket

No. 1] against defendant First Object Inc. ("Defendant"), seeking to avoid and recover, pursuant

to 11 U.S.C. §§ 547 and 550, preferential transfers made to Defendant in the amount of

$94,160.00.

5.      On October 4, 2022, the summons (the "Summons") [Adv. Docket No. 2]

was issued.

6.      The Summons stated that Defendant was required to file a response to the

Complaint within 30 days of the date of issuance of the Summons.

7.      On October 4, 2022, Plaintiff served the Summons and the Complaint on

Defendant and filed the Certificate of Service.

8.      The Complaint, Summons, and Certificate of Service are attached as

**Exhibit 1** to this Declaration.

9.      The time within which Defendant may answer, move or otherwise respond

to the Complaint has expired.

10.     Defendant has not answered, moved or otherwise responded to the

Complaint within the time limit fixed by Bankruptcy Rule 7012(a) as extended.  In addition, I

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

DOCS_DE:241382.1 54469/001

have examined the docket in the Adversary Proceeding, and no response by Defendant is reflected thereon.

11.    To the best of my knowledge and belief based upon the documents in our files, Defendant is not an infant, an incompetent person, or in the military service.

12.    Pursuant to Del. Bank. L.R. 7055-1, a copy of *Plaintiff's Request for Entry of Default* and *Plaintiff's Request for Entry of Default Judgment*, together with this Declaration, is contemporaneously being served on Defendant at the addresses listed on the Certificate of Service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 23, 2022

/s/ James E. O'Neill
James E. O'Neill (DE Bar No. 4042)

## Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*,[1] | Case No. 20-12522 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| | |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST, | Adv. Proc. No. 22-_____ (JTD) |
| Plaintiff, | |
| v. | |
| FIRST OBJECT INC., | |
| Defendant. | |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS

The Mallinckrodt General Unsecured Claims Trust, through its trustee Heather L. Barlow ("Plaintiff" or the "Mallinckrodt GUC Trust"), the successor in interest to Mallinckrodt PLC (the "Debtor" or "Mallinckrodt"), files this *Complaint For Avoidance And Recovery Of Preferential Transfers and Objection to Claims* (the "Complaint") against First Object Inc. (the "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against the Defendant pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), to avoid and recover

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at  http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Boulevard, Hazelwood, MO 63042.

certain preferential transfers that occurred prior to commencement of the Debtor's bankruptcy case.

2.      Plaintiff also seeks to disallow, pursuant to sections 502(d) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant ("Defendant's Claims"). Plaintiff does not waive and hereby reserves all of its rights to object to any such claim(s) for any reason, including, but not limited to, any reason set forth in section 502 of the Bankruptcy Code.

## THE PARTIES

3.      Plaintiff Mallinckrodt GUC Trust was established pursuant to the Debtor's *Second Amended Chapter 11 Plan of Liquidation*.  Heather Barlow, solely in her capacity as the General Unsecured Claims Trustee of the Mallinckrodt GUC General Unsecured Claims Trust (the "Trustee") is the duly appointed trustee of the Mallinckrodt GUC Trust, which is authorized to pursue and prosecute avoidance actions on behalf of the Debtor's estate.

4.      Debtor is a New York cooperative corporation that formerly operated as a distributor of pharmaceutical drugs to independent pharmacies, including its shareholding members.  Mallinckrodt was licensed to distribute controlled substances as defined under the Controlled Substances Act, as amended, 21 U.S.C. §§ 801 *et seq.,* and related regulations, 21 C.F.R. §§1301 *et seq.*  At all relevant times, Mallinckrodt's principal place of business was located at 675 McDonnell Boulevard, Hazelwood, Missouri 63042.

5.      Upon information and belief, Defendant is a Texas corporation that provided professional services to IT personnel of the Debtors.

## JURISDICTION AND VENUE

6.      This Court (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and the *Amended Standing Order of Reference* dated February 29, 2012 because this is a civil proceeding arising in or related to a case under

Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 7001.

7.      This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8.      Plaintiff confirms its consent, pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Local Rules</u>"), to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9.      Venue of the Debtor's chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

10.     This adversary proceeding is initiated pursuant to Bankruptcy Rules 3007, 7001(1) and sections 502, 547 and 550 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND

11.     On October 12, 2020 (the "<u>Petition Date</u>"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code.

12.     Defendant filed a proof of claim on January 21, 2021 against Debtor Mallinckrodt LLC in the amount of $25,349.68 designated Claim Number 1321 by Prime Clerk LLC, the claims and noticing agent in the above-referenced Bankrucptcy Case (the "<u>Claim</u>").

13.     The Trust was created by the Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates under Chapter 11 of the Bankruptcy Code [D.I. 6066] (as further modified, the "Plan") [D.I. 6347, modified at 6378], which confirmed on February 3, 2022.

14.     The Effective Date of the Mallinckrodt Plan occurred on June 16, 2022. Simultaneously therewith, the Trust was formed and the Trustee was appointed.

15.     As of the Effective Date and pursuant to the Confirmation Order, the Mallinckrodt Plan and that certain Liquidating Trust Agreement and Declaration of Trust (the "Trust Agreement"): (i) Mallinckrodt's Assets were transferred to the Mallinckrodt GUC Trust, which was empowered, among other things, to collect and administer Mallinckrodt's Assets (including Causes of Action) and resolve Claims against Mallinckrodt and its estate and (ii) Heather L. Barlow was appointed to act as Trustee.[2]

16.     This Cause of Action is an Asset of the Mallinckrodt GUC Trust.

**FACTUAL BACKGROUND**

17.     During the ninety (90) days before and including the Petition Date, that is between July 14, 2020 and October 12, 2020 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

18.     During the course of their relationship, Defendant and the Debtor entered into transactions by which the Debtor contracted and agreed to pay for IT Consultant services from the Defendant (the "Services"), as evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (the "Agreements").

19.     During the Preference Period, the Debtor made payments to or for the benefit of the Defendant, including those identified on Exhibit A (collectively, the "Transfers"). Each Transfer was related to an invoice (the "Invoices") pursuant to which the Defendant billed the Debtor for the Services it had previously delivered to the Debtor for which the Debtor had an

---

[2] Each capitalized term in this paragraph has the definition ascribed to it in the Mallinckrodt Plan of Liquidation.

obligation to pay. <u>Exhibit A</u> sets forth the details of each of the Transfers and the Invoices, including the payment clear date, payment amount, invoice number, invoice date and invoice amount.

20.     As is evidenced by <u>Exhibit A</u>, each Transfer was made on account of an antecedent debt owing by the Debtor to the Defendant.

21.     The aggregate amount of the Transfers is not less than $94,160.00.

22.     As evidenced by Mallinckrodt's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date and the records of the Mallinckrodt GUC Trust, each Transfer was made while the Debtor was insolvent, and the Debtor's liabilities exceed its assets such that the Debtor's general unsecured creditors will not receive payment of their claims in full from the Debtor's bankruptcy estate.

23.     Plaintiff is seeking to avoid all of the Transfers made by the Debtor to Defendant within the Preference Period.

24.     In connection with the Trustee's due diligence, on or about August 22, 2022, Plaintiff, through counsel, sent a demand letter ("<u>Demand Letter</u>") to Defendant, seeking a return of the Transfers. The Demand Letter indicated that the Transfers may be subject to certain defenses and invited the Defendant to engage in discussions aimed toward resolving the claims arising from the Transfers without the time and expense of litigation. The Demand Letter further asked that the Defendant respond no later than September 6, 2022. Defendant did not respond to the Demand Letter.

25.     By a review of the Debtor's records and the information and/or documentation provided by the Defendant, Plaintiff performed its own due diligence evaluation

of the known (if any) and reasonably knowable affirmative defenses available to Defendant,

including under section 547(c)(2) (ordinary course of business) and section 547(c)(4)

(subsequent new value), assessing the data available with respect to the elements of each of the

above-referenced defenses. Based upon this review, Plaintiff has determined that the claims to

avoid the Transfers herein are viable and presented in good faith. The Trustee has determined

that, based on current information and belief, none of the Transfers are excepted from avoidance

as preferential transfers

26.     During the course of this proceeding, Plaintiff may learn (through

discovery or otherwise) of additional transfers made to Defendant during the Preference Period

or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's

intention to avoid and recover all avoidable transfers of property made by the Debtor, as well as

interests of the Debtor in property, to or for the benefit of Defendant or any other transferee.

Plaintiff reserves the right to amend this original Complaint to include the following: (a) further

information regarding the Transfer(s); (b) additional transfers; (c) modifications of and/or

revision to Defendant's name; (d) additional defendants; and/or (e) additional causes of action, if

applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time

during this adversary proceeding, through formal discovery or otherwise, and for the

Amendments to relate back to this original Complaint.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

27.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

28.     During the Preference Period, the Debtor made each Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

29.     Each Transfer was made from the Debtor, and constituted transfers of an interest in property of the Debtor.

30.     Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying Services to the Debtor for which the Debtor was obligated to pay in accordance with the Agreements.

31.     Each Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

32.     As is evidenced by Exhibit A, each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the underlying transaction documents, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

33.     Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

34.     As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code.

35.     In accordance with the foregoing, each Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

36.     As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

37.     The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property -- 11 U.S.C. § 550)

38.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

39.     As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547.

40.     Defendant is the initial, immediate, or mediate transferee of the Transfers.

41.      Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Objection to Defendant's Claims--Disallowance Under 11 U.S.C. § 502(d) & (j))

42.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

43.     Defendant is a transferee of transfers avoidable under sections 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

44.     Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

45.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee against Plaintiff or the Debtor, whether such Claim was filed by the Defendant or scheduled by the Debtor (including but not limited to the Claim) must be

disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate

amount of the Transfers, plus interest thereon and costs

46.     Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of

Defendant, and/or its assignee, against the Debtors previously allowed by the Debtor (if any) or

by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff

an amount equal to the aggregate amount of the Transfer(s).

47.     The Plaintiff reserves all rights to further object to Defendant's Claims on

any and all additional grounds.

    **WHEREFORE**, Plaintiff prays for judgment as follows:

        a.     On Plaintiff's First and Second Claims for Relief, judgment in

favor of Plaintiff and against Defendant avoiding all of the Transfers and directing Defendant to

return to Plaintiff the amount of the Transfers, pursuant to sections 547(b) and 550(a) of the

Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the

fullest extent allowed by applicable law, together with the costs and expenses of this action

including, without limitation, attorneys' fees;

        b.     On Plaintiff's Third Claim for Relief, judgment in favor of

Plaintiff and against Defendant on any and all Claims of Defendant and/or its assignee against

Plaintiff or the Debtor, whether such Claim was filed by the Defendant or scheduled by the

Debtor (including but not limited to the Claim), until Defendant returns the Transfers to Plaintiff

pursuant to section 502(d) and (j) of the Bankruptcy Code; and

c.      For such other and further relief as the Court may deem just and

proper.

Date:  October 4, 2022                          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Jason S. Pomerantz (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Email: ljones@pszjlaw.com
        joneill@pszjlaw.com
        jspomerantz@pszjlaw.com

*Counsel to Plaintiff Mallinckrodt General
Unsecured Claims Trust*

**Exhibit A**

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | **Debtor Name** | **Claimant** | **Payment #** | **Payment Date** | **Clear Date** | **Payment Amount** | **Invoice #** | **Invoice Date** | **Invoice Amount** | **Amount Paid** |
| 2 | ST SHARED SERVICES LLC | FIRST OBJECT INC | 2000038507 | 9/23/2020 | 9/25/2020 | $ 57,200.00 | 24941 | 8/3/2020 | $ 19,360.00 | $ 19,360.00 |
| 3 | ST SHARED SERVICES LLC | FIRST OBJECT INC | 2000038507 | 9/23/2020 | 9/25/2020 | $ 57,200.00 | 24909 | 7/6/2020 | $ 19,360.00 | $ 19,360.00 |
| 4 | ST SHARED SERVICES LLC | FIRST OBJECT INC | 2000038507 | 9/23/2020 | 9/25/2020 | $ 57,200.00 | 24971 | 9/17/2020 | $ 18,480.00 | $ 18,480.00 |
| 5 | ST SHARED SERVICES LLC | FIRST OBJECT INC | 2000036267 | 7/28/2020 | 7/29/2020 | $ 17,600.00 | 24866 | 6/2/2020 | $ 17,600.00 | $ 17,600.00 |
| 6 | ST SHARED SERVICES LLC | FIRST OBJECT INC | N/A | 7/15/2020 | N/A | $ 19,360.00 | N/A | N/A | N/A | $ 19,360.00 |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | $ 94,160.00 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | Case No. 20-12522 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| | |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST, | Adv. Proc. No. 22-50426 (JTD) |
| Plaintiff, | |
| v. | |
| FIRST OBJECT INC., | |
| Defendant. | |

### SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk: | United States Bankruptcy Court<br>824 Market Street, 3rd Floor<br>Wilmington, DE 19801 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiffs' attorney. Name and Address of Plaintiffs' Attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Jason S. Pomerantz (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jspomerantz@pszjlaw.com

DOCS_DE:240675.1 54469/001

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.



| Address: United States Bankruptcy Court<br>824 Market Street, 5th Floor<br>Wilmington, DE  19801 | Courtroom No. 5<br><br>Date and Time: December 20, 2022 at 1:00 p.m. (ET) |
| --- | --- |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**United States Bankruptcy
Court for the District of Delaware**

*/s/ Una O'Boyle*_____
Clerk of the Bankruptcy Court

Date:  October 4, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, James E. O'Neill, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made October 4, 2022 by:

☒    Mail Service: Regular, first class United States mail, postage fully pre-paid and certified mail return receipt, addressed to:

### SEE ATTACHED SERVICE LIST

☐    Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐    Residence Service: By leaving the process with the following adult at:

☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐    Publication: The defendant was served as follows: [Describe briefly]

☐    State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]                                                      (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.


Dated:  October 4, 2022                                  */s/ James E. O'Neill*
                                                         James E. O'Neill (Bar No. 4042)
                                                         PACHULSKI STANG ZIEHL & JONES LLP
                                                         919 North Market Street, 17th Floor
                                                         Wilmington, DE  19899-8705 (Courier 19801)


DOCS_DE:240675.1 54469/001

Mallinckrodt plc, *et al*. – Adversary Service List (First Object Inc.)
Main Case No. 20-12522 (JTD)
Doc. No. 240675
02 – First Class Mail
02 – Certified Mail


**First Class Mail**
First Object Inc.
Attn: Suneel Kataham, Officer
1320 Greenway Drive, Ste#855
Irving, TX  75038

**First Class Mail**
Venkata Rao Yarlagadda, R/A for First Object Inc.
1750 North Collins Blvd., Suite 216
Richardson, TX  75080

**Certified Mail Return Receipt**
First Object Inc.
Attn: Suneel Kataham, Officer
1320 Greenway Drive, Ste#855
Irving, TX  75038

**Certified Mail Return Receipt**
Venkata Rao Yarlagadda, R/A for First Object Inc.
1750 North Collins Blvd., Suite 216
Richardson, TX  75080

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | Case No. 20-12522 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| Heather L. Barlow as Trustee of the MALLINCKRODT GENERAL UNSECURED CLAIMS TRUST, | Adv. Proc. No. 22-50426 (JTD) |
| Plaintiff, | |
| v. | |
| FIRST OBJECT INC., | |
| Defendant. | |

## NOTICE OF DISPUTE RESOLUTION ALTERNATIVES

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral".

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

| | |
|---|---|
| Dated: October 4, 2022 | */s/ Una O'Boyle* |
| | Clerk of the Court |